[746 NYS2d 180]

In the Matter of TERENCE P. HIGGINSON, an Attorney, Resignor.

Second Department, August 12, 2002

APPEARANCES OF COUNSEL

*Daniel G. Mouzon,* Rosedale, for resignor.

*Robert P. Guido,* Syosset (*Mary J. Lieblang* of counsel), for Grievance Committee for the Tenth Judicial District.

OPINION OF THE COURT

Per Curiam.

Terence P. Higginson has submitted an affidavit dated March 26, 2002, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Higginson was admitted to the bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department, on April 13, 1987.

In the course of his resignation, Mr. Higginson acknowledges that evidence of professional misconduct has been adduced by the Grievance Committee's ongoing investigation and that the authorization of a disciplinary proceeding based on those charges would be recommended to the Court by the Grievance Committee. These charges include failing to properly maintain and preserve at least $19,105 in escrow funds with which Mr. Higginson was entrusted with respect to two real estate transactions, by converting and misappropriating them for his personal use. Mr. Higginson subsequently returned the funds prior to the required disbursement. The Grievance Committee discovered the conversion and other misconduct while investigating a sua sponte complaint initiated after its receipt of a dishonored check notice from the Lawyers' Fund for Client Protection. Additionally, Mr. Higginson commingled personal funds with client funds, issued checks for personal debts, and failed to properly maintain bookkeeping records. He maintains that he has returned all converted funds.

Mr. Higginson acknowledges his inability to defend himself on the merits of any disciplinary charges which would be initiated by the Grievance Committee based upon the facts and circumstances of the professional misconduct described in his affidavit of resignation.

Mr. Higginson avers that his resignation is freely and voluntarily rendered and that he is not subject to coercion or duress. He has discussed his decision to resign with his attorney and others whose advice and counsel he respects, and is fully aware of the consequences of its submission, including being barred by Judiciary Law § 90 from seeking reinstatement for at least seven years.

Mr. Higginson submits his resignation subject to any application which could be made by the Grievance Committee for an order directing restitution and reimbursement pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee urges acceptance of the proffered resignation.

Inasmuch as the proffered resignation comports with all appropriate Court rules, it is accepted, and, effective immediately, Terence P. Higginson is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and GOLDSTEIN, JJ., concur.

Ordered that the resignation of Terence P. Higginson is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Terence P. Higginson is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Terence P. Higginson shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Terence P. Higginson is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.